## SIMPSON v. PETTUS, USE, &c.

1. In an action against the purchaser of lands at a sale under execution, the execution was produced, on which was indorsed the levy and sale; a witness was then introduced who testified that he acted as the deputy of the plaintiff on the day of sale, that he made a memorandum on a slip of paper which described the land correctly, and the defendant as the purchaser for the sum of two hundred and thirty-seven dollars : *Held*, that the fair inference both of reason and law, was, that the witness was acting as deputy *at the sale of the land, and then, or immediately thereafter*, made. the *memorandum*. If the fact was otherwise, the defendant by a single inquiry could have elicited the truth, from the witness, and cannot now be heard to alledge that the inference from his evidence is false.

Writ of error to the Circuit Court of Lauderdale.

THIS was an action of assumpsit, at the suit of the defendant against the plaintiff, to recover of the latter, the sum of two hundred and thirty-seven dollars, which he bid for part of fractional section 12, township 3, range 11, west, situate in Lauderdale county, and containing one hundred acres, more or less. This land was offered for sale by the plaintiff below, as sheriff, under an execution in favor of the party for whose use the suit was brought, against Frederick P. Nelson, issued on a judgment for $589 19, damages, and $32 31¼, costs.

The defendant demurred to the declaration, and his demurrer being overruled, the cause was tried on the general issue, with leave to give any matter in evidence which would constitute a good defence, if specially pleaded. The jury returned a verdict for the plaintiff, and judgment was rendered accordingly.

On the trial, the defendant excepted to the ruling of the Court. It is shown by the bill of exceptions, that the plaintiff, Pettus, was sheriff of Lauderdale, and in that character had in. his hands an execution, such as is described above, which he levied on the lands designated in the declaration; that after having given thirty days notice of the time and place of sale, he sold the same at public auction, and the defendant became

the highest bidder, for all the right, title, and interest of the de-
fendant in execution, to these lands, for the sum of $237. The
execution was produced, and on it were indorsed the levy and
sale. George Arnett was introduced as a witness, who testi-
fied that he acted as the deputy of the sheriff, on the day of
sale, that he made a memorandum on a slip of paper, which
described the land correctly, and the defendant as the purcha-
ser, at the price stated. This memorandum he stated had been
lost. Witness further testified, that some days thereafter—the
time he could not state with precision—the plaintiff, as sheriff,
tendered to the defendant a deed for the land, conveying all
Nelson's interest therein to him, (defendant.) This deed the
defendant refused to accept, and pay the purchase money.
There was no proof that the defendant, or any one on his be-
half, signed the memorandum spoken of by the witness, or any
other memorandum.

The defendant, by his counsel, prayed the Court to charge
the jury that the proof was not sufficient to bind the defendant,
so as to entitle the plaintiff to recover; this instruction was re-
fused. But the Court charged the jury, that the memorandum
in writing, made by Arnett, the deputy sheriff, was sufficient to
bind the defendant to his bid; and if they believed, from the
evidence, that the defendant was the purchaser of the lands as
it had been stated, and the facts were sufficiently established
by the testimony, then they must find for the plaintiff.

J. W. McClung, with whom was S. Parsons, for the plain-
tiff in error, insisted, that although Arnett may have acted as
the deputy of the plaintiff, and made a memorandum of the
sale, which, in point of form, was sufficient, yet it is not shown,
that this memorandum was made at, and immediately conse-
quent upon the sale, or that it was afterwards shown to, or ap-
proved by the defendant. [Adams v. McMillan's Ex'rs, 7
Porter's Rep. 73; Robinson v. Garth, 6 Ala. Rep. 208.]

W. Cooper, for the defendant in error, contended that the
evidence was such as to have authorized the charge of the
Court. The fair and reasonable interpretation of the proof, as
stated in the bill of exceptions, was, that Arnett acted as the
deputy of the sheriff, at the time of the sale; that if he did not
sell under the execution, he was then present, and made the

memorandum of which he spoke; and that the sale and memorandum were but parts of an entire transaction. The one following the other as soon as it reasonably could. He cited the cases relied on by the plaintiff in error, and referred to Currie v. Mann, 6 Ala. Rep. 531.

COLLIER, C. J.—It is conceded that. the action was well brought, and may be maintained, if there was such a memorandum made of the defendant's bid, as is necessary to take a case out of the statute of frauds. The only conclusion that can be drawn from the evidence on this point, is, that Arnett was the deputy of the plaintiff below, who sold the land under the *fieri facias*; that immediately after the sale he noted upon a piece of paper, a description of the land, and stated thereon that the defendant was the purchaser, for the sum of two hundred and thirty-seven dollars. True, this does not appear *in totidem verbis*, but it is the inference of reason and law, from the statement of the witness, that he was acting as deputy for the plaintiff, on that day, and he then made a memorandum in writing, of the sale. If this presumption is opposed to truth, it would have been very easy for the defendant, by a single inquiry addressed to the witness, to have caused a more full disclosure of the facts to be made. But as he had an opportunity of examining him, and the inquiry we have suggested would have occurred to every mind, if the inference from the testimony was false, he cannot now be heard to alledge, that the Court should not have assumed the fact, but that it should have been left to the jury, to say whether the memorandum was made at, or immediately after, the sale. [See Carson v. The Bank of the State, &c., 4 Ala. Rep. 148.] It would be trifling with justice, instead of promoting it, to permit a party to avail himself of such an advantage to the prejudice of his unsuspecting adversary. But the ruling of the Circuit Court need not be defended by this course of reasoning; for the evidence we have seen was entirely sufficient to support it. The judgment is consequently affirmed.